**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**January 30, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

RANDY ALLEN MARLER,

Petitioner - Appellant,

v.

DONALD LANGFORD,

Respondent - Appellee.

No. 22-3196
(D.C. No. 5:20-CV-03247-JWL-JPO)
(D. Kan.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY*
_____

Before **TYMKOVICH**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Petitioner Randy Allen Marler, a prisoner proceeding pro se, filed a habeas petition challenging his 2008 conviction. The district court dismissed his petition as time-barred and denied his application for a certificate of appealability ("COA"). Petitioner now requests a COA from this court. Because no reasonable jurist would debate the district court's dismissal on procedural grounds, we deny Petitioner's application for a COA and dismiss this matter.

---

* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

In May 2008, a Kansas jury convicted Petitioner of rape, aggravated indecent liberties with a child, and endangering a child. Kansas v. Marler, 223 P.3d 804, 806 (Kan. 2010). In January 2010, the Kansas Supreme Court ("KSC") affirmed the convictions and sentences. One year later, Petitioner filed a state habeas motion raising ineffective assistance of counsel claims. The state trial court denied the habeas petition, the Kansas Court of Appeals ("KCOA") affirmed the denial, and the KSC denied review. Petitioner next filed a second state habeas motion. In 2016, during this habeas proceeding, Petitioner then discovered a law enforcement interview with the victim's mother. Petitioner asserted the State violated his Due Process rights when it failed to disclose this interview. Brady v. Maryland, 373 U.S. 83, 90 (1963). The state district court held an evidentiary hearing but denied relief, the KCOA affirmed the denial, and the KSC again denied review.

Petitioner then filed the present amended 28 U.S.C. § 2254 habeas petition in April 2022 raising four ineffective assistance claims and a Brady claim. The district court first determined that § 2244(d)(1)(A) time barred the ineffective assistance claims. The district court concluded Petitioner timely filed the Brady claim but that the state court did not unreasonably apply federal law when it disposed of the claim. Thus, the district court denied the § 2254 petition and denied a COA. Petitioner moved to alter or amend the judgment, asserting for the first time that the district court should have considered the limitation period under § 2244(d)(1)(D) instead of (d)(1)(A). The district court denied the post-judgment motion. Petitioner appeals.

2

II.

We issue a COA only if a petitioner has "made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Since the district court dismissed Petitioner's habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claims, we will issue a COA only if he shows (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner must satisfy *both* parts of this threshold inquiry before we will hear the merits of the appeal.  See Gibson v. Klinger, 232 F.3d 799, 802 (10th Cir. 2000).

III.

In the underlying habeas petition, Petitioner raised five claims.  But in his combined opening brief and application for COA, Petitioner only addressed the timeliness of one of his ineffective assistance of counsel claims.  Thus, we decline to address the district court's dismissal of the other three ineffective assistance of counsel claims and the Brady claim.  See United States v. Cervini, 379 F.3d 987, 994 n. 5 (10th Cir. 2004) (explaining that the court will not consider issues not raised in the briefs).

In his sole issue on appeal, Petitioner argues that the district court should have considered his filing timely under § 2244(d)(1)(D) because he lacked key information from the prosecutor's affidavit which would justify beginning the limitation period in 2016.  But Petitioner, despite multiple opportunities to demonstrate why the district court should not dismiss his petition as untimely, failed to make an argument based on §

2244(d)(1)(D) until his motion to alter or amend or reconsider.  The district court determined this was too late; if Petitioner wanted the district court to consider his argument based on § 2244(d)(1)(D), he should have raised it before the judgment.

We agree with the district court.  A motion to alter or amend or reconsider is not the opportunity for the court to consider arguments that were available for presentation in the underlying proceedings.  See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).  While Petitioner had ample opportunity to make this argument in his response to the district court's orders, he failed to do so.  Because no reasonable jurist would find the district court's procedural ruling debatable, the request for a certificate of appealability is DENIED and this matter is DISMISSED.

<div style="margin-left:40%">
Entered for the Court


Joel M. Carson III
Circuit Judge
</div>